UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE GIALTOURIDIS, Individually
and on Behalf of All Other Persons
Similarly Situated,
                       Plaintiffs,

       -against-                                      06 CV 0584 (JS)(MLO)

SHELL OIL COMPANY, SHELL OIL
PRODUCTS US and JIFFY LUBE
INTERNATIONAL, INC.,

                       Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

                                          Locks Law Firm, PLLC
                                          110 East 55th Street, 12th Floor
                                          New York, New York 10022
                                          (212) 838-3333
                                          www.lockslaw.com

                                          -and-

                                          Berger and Gottlieb
                                          150 East 18th Street, Suite PHR
                                          New York, New York 10003
                                          (212) 228-9795

                                          *Attorneys for Plaintiff*

Of Counsel:    Fran L. Rudich, Esq. (FR 7577)
                     Seth R. Lesser, Esq. (SL 5560)

# I.
# INTRODUCTION

Plaintiff George Gialtouridis respectfully responds to the motion to dismiss ("Shell Mem.") filed by the Shell Oil defendants (together, as in Shell's motion, "Shell").

The motion by Shell is essentially a technical formality because notwithstanding what Shell attempts to imply in its motion, it knows full well just why it properly is a Defendant in this lawsuit. In fact, several days before filing the present motion, Shell's counsel was informed as to why his client was named as a Defendant.

# II.
# FACTS

This case is about an alleged failure to pay overtime wages required under federal law – the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* – and under state law – New York Labor Law § 650, *et seq.* The Defendants are the Shell Defendants and their wholly owned subsidiary Jiffy Lube International ("Jiffy Lube") for whom Mr. Gialtouridis was employed by as a denominated "manager" at various locations in New York. Jiffy Lube has not challenged its employment of Mr. Gialtouridis and has answered the Complaint.

The operative fact here is that **he received his legally insufficient paychecks from Shell.** (See Exhibit A attached to the accompanying Declaration of Fran L. Rudich, hereinafter the "Rudich Declaration", submitted in opposition to Defendants' motion to dismiss.) As can be seen, Mr. Gialtouridis was paid by "SOPUS", which is, of course, Defendant Shell. Thus, it was Shell, literally, who failed to pay him the monies to which he alleges he was entitled.

Furthermore, while Shell's motion implicitly would have the Court believe that it and Jiffy Lube are legally entirely separate and distinct legal entities for the purposes of Mr. Gialouridis' employment

and this litigation, this is also not true. Witness, also, the letter that Mr. Gialtouridis received when his employment with Defendants ended, which is not from Jiffy Lube, but rather from <u>Shell</u>:

**"Due to the termination of your employment from Shell Lubricants..."**

See, Exhibit B attached to the Rudich Declaration.

In short, most certainly and beyond doubt, Plaintiff has a legally sufficient basis for bringing suit against Shell[1]. Obviously, it will take discovery to ascertain why it was Shell that did not pay Mr. Gialouridis overtime and what are the corporate policies and real corporate interrelationships between Shell and Jiffy Lube. But, at this time, Plaintiff certainly has a cognizable claim against Shell *qua* Shell itself and Defendants' motion should be denied in its entirety.[2]

### III
### LEGAL ARGUMENT

**A.     The Allegations of the Complaint Are Deemed True for Purposes of Defendants'Motion.**

In deciding Rule 12(b)(6) motions, which seek to foreclose judicial review without reaching the merits of a case, a court is to view the complaint in a light most favorable to the non-moving party, accepting all allegations contained in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir. 1992). The issue is not "whether a plaintiff will ultimately prevail but whether a claimant is entitled to offer

---

[1] Perhaps Shell is Plaintiff's employer by itself or perhaps in conjunction with its subsidiary Jiffy Lube. Only discovery of information exclusively within Defendants' control will answer those questions and as discussed below, since there has been no discovery in this matter, Defendants' motion should also be denied as premature.

[2] Assuming arguendo that the Court finds Plaintiff's Complaint somehow deficient in delineating Shell's role as his employer, which Plaintiff does not concede, Plaintiff requests leave to file an amended complaint under the liberal standard of Fed. R. Civ. P. 15(a). (This liberal standard stems from "public policy favoring the efficient resolution of disputes on their full merits." *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 647, 649 (E.D.N.Y. 1997)

evidence to support the claims." *Id.* Dismissal is warranted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80(1957)).

Based upon the above case law, each allegation set forth and included in the Complaint must be deemed true and Shell's motion denied in its entirety.

**B.     The Complaint States a Claim for Which Relief May Be Granted Against All Defendants**

Shell contends that it is not properly named as a Defendant and the conclusory allegations set forth against it do not sufficiently set forth a cognizable claim for relief because they were not Plaintiff's employer. The complaint specifically alleges that these Defendants:

- Plaintiff was employed by the **Defendants** (which, by definition in the Complaint, includes Shell) from in or about March 2004 until in or about June 2005.

- ... Defendants have likewise employed other individuals, like Plaintiff (the Collective Action Members/the Class) in nominal managerial positions.

- In actuality, however, these nominal managerial employees performed managerial duties for approximately 5 - 10 hours per week. The remainder of their time was spent performing non-managerial functions...

- Such individuals (the Collective Action Members/the Class) have worked in excess of 40

>hours a week, yet **Defendants** (including Shell) have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rates in violation of the FLSA and the New York Labor Law.

Complaint, ¶¶ 30-31.

Once again, Shell fails to presume Plaintiff's allegations true and effectively seek dismissal in the absence of discovery. But, as discussed above, at the pleading stage, Defendants' motion lacks merit and Plaintiff's allegations make out a cognizable claim for relief against Shell. Accordingly, Shell's motion should be denied.

Moreover, Shell's lengthy discussion of the "joint employer" doctrine is also entirely makeweight – the operative alleged facts in the Complaint are sufficient against Jiffy Lube (which Jiffy Lube does not deny) and, separately, against Shell. Whether or not the issue of "joint employer" will come into play or whether, once the facts concerning the relationship between the Defendants here is known, there will be alternatively applicable doctrines that would permit the Defendants to be addressed as a single unit (pursuant to such doctrines of alter ego, piercing the corporate veil, etc), cannot now be known. Obviously, as discussed below, Defendants' motion is untimely as those are matters that will require discovery of the information now solely in the control of Defendants. *Badian v. Elliott*, 165 Fed. Appx. 886 (2d Cir. 2006); *Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003).

## C. Defendants' Motion Is Premature Because There Has Been No Discovery In This Matter

Shell's motion is premature at this stage in the litigation because there has been no exchange of discovery between the parties, and the circumstances surrounding this case are intricate enough so as to require the exchange of documentation to allow Plaintiff to develop his case against Shell before his

claims are dismissed. In *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41 (2nd Cir. 1997), the Second Circuit vacated and remanded the lower court's grant of defendant's motion to dismiss, finding that "it would be premature, in light of the liberal pleading principals of Rule 8 of the Federal Rules of Civil Procedure, to dismiss the complaint prior to discovery." *Id.* at 49. As in the *Northrop* matter, Plaintiff (and the class/collective action members he is seeking to represent) requires discovery to prove that Shell can be considered an employer in this action. And, it is indisputable that the information and evidence needed for Plaintiff to adequately show this, is solely and uniquely in the hands of the various Defendants in this cation. Therefore, Shell's motion is premature and must be denied at this time. See also, *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.2d 488 (2nd Cir. 2004); *Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13 (2nd Cir. 2003).

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Shell's Motion to Dismiss be denied in its entirety.

Dated: New York, New York
      May 26, 2006

                        LOCKS LAW FIRM, PLLC

                        /s/ Fran L. Rudich
                        Fran L. Rudich (FR 7577)

                        Seth R. Lesser (SL 5560)
                        Fran L. Rudich (FR 7577)
                        LOCKS LAW FIRM, PLLC

110 East 55th Street, 12th Floor

New York, New York 10022

www.lockslaw.com

Telephone: (212) 838-3333

Facsimile: (212) 838- 3735

Jeffrey M. Gottlieb (JG 7905)

BERGER & GOTTLIEB

150 East 18th Street, Suite PHR

New York, New York 10003

Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**